UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYJ ABDIEL HENRIGUEZ ESPANA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, WARDEN,<br>Respondent. | No. 1:26-cv-04166-DJC-AC<br><br><u>RELEASE ORDER</u><br>A# 244-500-389 |

Before the Court is Petitioner's First Amended Petition for a Writ of Habeas Corpus ("FAP" (ECF No. 8) and Motion for a Temporary Restraining Order (Mot. (ECF. No. 10).) For the reasons stated below, Petitioner is not mandatorily detained under 8 U.S.C. § 1226(c) and is entitled to release.

**BACKGROUND**

Petitioner is an asylum seeker from Venezuela who is currently in removal proceedings. (FAP at 3–4.) Petitioner entered the United States by parole on April 20, 2024, using the CBP One application. (Opp'n, (ECF No. 11) Ex. A at 10–11.) On December 9, 2025, Petitioner was arrested in Florida. (FAP at 4.) He subsequently pled guilty to four offenses: Fla. Stat. § 893.13(6B), Possession of Cannabis under 20 grams; § 893.147(1), Possession of Drug Paraphernalia; § 322.34(2A), Driving while License Suspended First Offense; and § 320.02(4), Failure to Notify Change in

Address in 30 Days with regards to Vehicle Registration. (Opp'n, Ex. C at 22.) He served 120 days and was scheduled for release in March, 2026. (FAP at 4.) Instead, he was transferred to ICE custody where he has been detained since without a bond hearing. (*Id.*) The briefing on this matter is now complete. (Pet. (ECF No. 1); FAP; Mot. (ECF No.10); Opp'n; Traverse (ECF No. 12).)

## DISCUSSION

Respondents assert Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which establishes mandatory detention for noncitizens who "fall[] into one of the several enumerated categories involving criminal offenses." (Opp'n at 3 (internal citation omitted).) Specifically, Respondents argue that Respondent is "convicted of a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II)," which triggers detention under section 8 U.S.C. § 1226(c)(1)(A). (*Id.* at 3–4.) Section 1182(a)(2)(A)(i)(II) provides that a noncitizen is inadmissible where that noncitizen is convicted of a "violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21)."

In resolving whether Petitioner was convicted for a qualifying crime under 8 U.S.C. § 1182(a)(2)(A)(i)(II) triggering his detention under section 8 U.S.C. § 1226(c)(1)(A), the Court uses the categorical approach.[1] *See Moncrieffe v. Holder*,

[1] Petitioner argues that the categorical approach is not necessary because he is subject to a statutory exception covering personal use of less than thirty grams of marijuana. (Traverse at 3.) Because Congress has expressly exempted from grounds of deportability a "single offense involving possession for one's own use of 30 grams or less of marijuana" under 8 U.S.C. § 1227(a)(2)(B)(i), Petitioner, who was convicted for possession of less than two grams of marijuana, claims he is covered by a statutory exception. (*Id.*) However, section1227(a)(2)(B)(i) governs deportability, not inadmissibility: in other words, it provides an exception for noncitizens charged as <u>deportable</u> for marijuana possession, not those charged <u>inadmissible</u> for the same reason. *See, e.g. Bogle v. Garland*, 21 F.4th 637, 642 (9th Cir. 2021) (discussing the exception for personal use of marijuana under 30 grams in the case of a noncitizen who had been admitted as a lawful permanent resident and was charged under section 1227(a)(2)(B)(i) as deportable based on his controlled substance offenses.) The mandatory detention statute separates deportability, governed by section 1226(C)(1)(B)–(C), and inadmissibility, which is governed section 1226(C)(1)(A) and (D). As discussed, Respondents charge that section 1226(c)(1)(A), which covers inadmissibility, applies to Petitioner, and Petitioner has not explained why he should be governed by the laws applying to deportability rather than inadmissibility. (Opp'n at 2.)

569 U.S. 184, 206–207 (2013) (using the categorical approach to find that a noncitizen's conviction for a marijuana distribution offense was not an aggravated felony under the Immigration and Nationality Act). "Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Id.* (quotation omitted). Specifically, in the context of controlled substance offenses, "the Government must connect an element of the alien's conviction to a drug defined in [§ 802]." *Mellouli v. Lynch*, 575 U.S. 798, 813 (2015) (quotation omitted).

As discussed, Petitioner pled guilty to four charges: violation of Fla. Stat. § 893.13(6B), Possession of Cannabis under 20 grams; of § 893.147(1), Possession of Drug Paraphernalia; of § 322.34(2A), Driving while License Suspended First Offense; and of § 320.02(4), Failure to Notify Change in Address in 30 days with regards to Vehicle Registration. (Opp'n, Ex. C, at 22.) Respondents refer to "possession of marijuana," which corresponds only to the first offense, Fla. Stat. § 893.13(6B), Possession of Cannabis under 20 grams. (Opp'n at 3.) Therefore, this Court must now apply the categorical match between Fla. Stat. § 893.13(6B) and its federal counterpart, 21 U.S.C. § 802(16), by comparing their respective definitions of the controlled substance in question. *Mellouli*, 575 U.S. at 813; 8 U.S.C. § 1182(a)(2)(A)(i)(II).

The Court will assume, like the parties in the present case, that cannabis and marijuana are interchangeable, and compare the definition of "cannabis" under the governing Florida law to "marijuana" or "marihuana" under the federal statute.

The Florida statute Petitioner was charged under defines "Cannabis" as:

> [A]ll parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin. The term does not include "marijuana," as defined in s. 381.986, if manufactured, possessed, sold,

> purchased, delivered, distributed, or dispensed, in conformance with s. 381.986. The term does not include hemp as defined in s. 581.217 or industrial hemp as defined in s. 1004.4473.

Fla. Stat. § 893.02.

Section 802 defines "marijuana" as:

> [A]ll parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin.
>
> (B) The terms "marihuana" and "marijuana" do not include--
>
> (i) hemp, as defined in section 1639o of Title 7; or
>
> (ii) the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16).

As the Eleventh Circuit has noted in examining the categorical match between the same two statutes, it is evident that the Florida statute covers parts of the cannabis plant that its federal counterpart does not:

> By the plain language of § 893.02(3), not all substances that it proscribes are federally controlled. Section 893.02(3) includes "all parts" of the marijuana plant, while federal law does not. For instance, federal law does not include the mature stalks of the marijuana plant or fiber produced from such stalks. 21 U.S.C. § 802(16). This is a significant divergence, and on its own, is sufficient to establish a realistic probability of broader prosecution under Florida law.

*Said v. U.S. Att'y Gen.*, 28 F.4th 1328, 1333 (11th Cir. 2022) (comparing the meaning of cannabis or marijuana under Fl. Stat. § 893.02(3) and 21 U.S.C. § 802(16) in order to determine petitioner's continuous residence qualification and concluding that Fl. Stat

§ 893.02(3) was not a categorical match for the purpose of a "controlled substance" offense under the INA).

The Court adopts the analysis in *Said* and finds the federal definition of marijuana does not match the definition of cannabis under Florida law such that Respondents cannot detain Petitioner under 8 U.S.C. § 1226(c).[2] For the reasons explained by this Court in prior cases, Petitioner, having entered with humanitarian parole, has a vested liberty interest and a right to due process, including a pre-deprivation hearing. *See, e.g., M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026). The appropriate remedy is release. *Id.*

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's is Petitioner's First Amended Petition for a Writ of Habeas Corpus (ECF No. 8) is GRANTED as to Count 1 of the Petition.[3]

2. Respondents are ORDERED to immediately release Petitioner Rayj Abdiel Henriguez Espana from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED

[2] The Eleventh Circuit noted that the Board of Immigration Appeals recently reaffirmed that even if a statute is facially overbroad, the noncitizen must show actual prosecution. *Said*. 28 F. 4th at 1332. In *Matter of Navarro Guadarrama,* the Board of Immigration Appeals, comparing the same two statutes at issue here, held that the noncitizen "must establish a realistic probability that the State would actually apply the language of the statute to prosecute conduct involving that substance in order to avoid the immigration consequences of such a conviction." 27 I. & N. Dec. 560 (BIA 2019). The Eleventh Circuit declined to follow the BIA's reasoning, pointing to a principle well-established in the Ninth Circuit: that where the statutory language itself, rather than "legal imagination," makes the state statute overbroad, the offender need not point to cases where the conduct was prosecuted. *Said,* 28 F.4th 1328 at 1332; *see Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009-10 (9th Cir. 2015) (synthesizing Ninth Circuit caselaw establishing that, for the purposes of a categorical analysis under the INA, "when a state statute's greater breadth is evident from its text, a petitioner need not point to an actual case applying the statute of conviction in a nongeneric manner") (quotation omitted.) This Court agrees with the Eleventh Circuit that the statutory mismatch at hand is evident from the text, and Petitioner need not show that Florida has prosecuted the conduct not covered by federal law.

[3] In the interest of judicial economy, the Court declines to address Petitioner's remaining grounds for relief.

AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to serve the Golden State Annex in McFarland, California with a copy of this Order.

5. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.

6. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10–HenriguezEspana26cv04166.merits